IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MISAEL RIVERA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 11-526-GMS |
| | ) |
| DEPARTMENT OF CORRECTION, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

## I. INTRODUCTION

The plaintiff, Misael Rivera ("Rivera"), an inmate at the Central Violation of Probation

Center, Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1]  (D.I. 2.)  He appears

*pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

(D.I. 7.)  The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. §

1915 and § 1915A.

## II. BACKGROUND

Rivera was housed at the Howard R. Young Correctional Institution ("HRYCI") in

Wilmington, Delaware, and, on June 31, 2009, was placed in sanction pod pending investigation

for suspected drug possession.  That evening, the defendant Officer Perrela ("Perrela") placed

inmate Steven Copening ("Copening") in Rivera's cell despite the knowledge of all medical and

correctional staff that Copening had a violent history.  According to Rivera, Copening was

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him
of a federal right, and that the person who caused the deprivation acted under color of state law.
*West v. Atkins,* 487 U.S. 42, 48 (1988).

supposed to be housed alone and to recreate alone.  Copening attacked Rivera and was charged with first degree assault with intent to kill.

Rivera sues the defendants in their individual and official capacities and seeks compensatory and punitive damages.

## III.  STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).  The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Because Rivera proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.  *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67

2

F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Rivera leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Rivera has a "plausible claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege Rivera's

---

[2]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556.U.S. at

entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## IV. DISCUSSION

### A. Eleventh Amendment

Rivera names as a defendant the Delaware Department of Correction ("DOC"). He also names all defendants in their official capacities. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). Hence, as an agency of the State of Delaware, the DOC is entitled to immunity under the Eleventh Amendment. *See e.g. Evans v. Ford*, 2004 WL 2009362, at *4 (D.Del. Aug. 25, 2004) (dismissing claim against DOC, because DOC is state agency and DOC did not waive Eleventh Amendment immunity). In addition, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted); *Ali v Howard*, 353 F. App'x 667, 672 (3d Cir. 2009) (not published). Accordingly, § 1983 claims for

---

678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.*

monetary damages against a state, state agency, or a state official in his official capacity are

barred by the Eleventh Amendment. *See id.*

The State of Delaware has neither consented to plaintiff's suit nor waived its immunity.

Therefore, the claims against the DOC will be dismissed. The official capacities claims will be

dismissed to the extent that Rivera seeks monetary damages from all State defendants in their

official capacities.

### B. Personal Involvement

The complaint names as defendants Captain Sabato ("Sabato") and an unnamed Shift

Commander ("Shift Commander"). A civil rights complaint must state the conduct, time, place,

and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347,

353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980));

*Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir. 1978)). Here, there are no allegations

in the complaint directed toward the foregoing defendants.

It may be that Sabato and the Shift Commander are named as defendants based upon

their supervisory positions. As is well established, supervisory liability cannot be imposed under

§ 1983 on a respondeat superior theory.[3] *See Iqbal*, 556 U.S. 662; *Monell v. Department of*

*Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "'A[n individual

---

[3]In *Iqbal*, the plaintiff alleged supervisory officials violated his rights because one official
was the "principal architect" of the policy, and another was "implemental" in adoption and
execution of the policy. *See id.* at 669. The Supreme Court found the allegations facially
insufficient. *See Id.*, at 676 (quoting *Robertson v. Sichel,* 127 U.S. 507, 515-516 (1888), for the
proposition that "[a] public officer or agent is not responsible for the misfeasances or position
wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or
servants or other persons properly employed by or under him, in the discharge of his official
duties").

government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Purpose rather than knowledge is required to impose liability on an official charged with violations arising from his or her superintendent responsibilities.[4] *Iqbal*, 556 U.S. at 677. "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.*

In the present case, Rivera does not associate any of his allegations with Sabato and the Shift Commander. Rivera provides no facts to support a claim against them, and the claims are facially insufficient. As a result, the claims lack an arguable basis in law or in fact and will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## V. CONCLUSION

For the above reasons, Rivera will be allowed to proceed with his failure to protect claim against Officer Perrela in his individual capacity. All other defendants and claims will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

May 7      , 2012
Wilmington, Delaware

---

[4]In light of *Iqbal*, it is uncertain whether proof of personal knowledge, with nothing more, provides a sufficient basis to impose liability upon a supervisory official. *See Bayer v. Monroe Cnty. Children and Youth Services*, 577 F.3d 186, 190 n.5 (3d Cir. 2009)